| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT NEW JERSEY | |
|---|---|
| JULES L. ROSSI, ESQ. (1924)<br>208 MAIN STREET 2ND FLOOR<br>ASBURY PARK, 07712<br>Tel:732-774-5520 Fax:732-774-5870<br>Julrs7@aol,com<br>Attorney for Debtor | |
| In Re:<br><br>QUINN-WOODBINE REALTY & LEASING, LLC<br>Debtor. | Case No.: 08-33787 (JHW)<br>Adv. No.:<br>Hearing Date: February 9, 2009<br>Judge: JHW |

Michael Quinn certifies as follows:

1. I am one of the principals of the debtor and I file this certification to support debtor's opposition to the stay relief motion filed by Banc of America.

2. A company that I formally owned (now defunct as a result of the Chapter 7 bankruptcy) borrowed money from Banc of America's predecessor. Although a company related to the debtor was the primary obligor in the loan transaction, debtor secured the loan by the subject real estate owned by debtor. Foreclosure was instituted and suit was brought against me on my guarantee.

3. After hotly contested litigation, the plaintiff and defendants appeared to have worked out a settlement which was placed on the record. A copy of the transcript of the purported settlement is annexed as Exhibit A. The settlement was to have been reflected in a written settlement agreement and was subject to, inter alia, the written settlement agreement being executed by the parties. However, substantial disputes arose with respect to the substance of the written document. From my point of view, the document prepared by Mr. Reed did not reflect what the agreement was.

4. After considerable battling over the terms of the purported settlement agreement, no signed settlement agreement was reached. Mr. Reed, on behalf of the moving party, ultimately filed a motion to enforce a settlement.

5. The motion was granted. A copy of the order is attached to the moving papers.

6. The critical provision of the order that is relevant to the disposition of the pending motion is that provision which relates to the alleged prepetition waiver by the debtor of the automatic stay relative to the foreclosure suit. Paragraph 3 of the order reads as follows:

> "In the event that Quinn Woodbine Realty & Leasing Co. [debtor], Michael
> Quinn and/or Marita Quinn seek relief under the Bankruptcy Code, those parties
> are hereby deemed to waive any and all objections to any application of the Bank

1

to seek relief from the automatic stay under Section 362 of the Bankruptcy Code, and those parties are hereby deemed to have unconditionally consented to lift any future automatic stay in the event any one of them seeks relief under the Bankruptcy Code."

This provision reflects the substance of paragraph16 of the proposed settlement agreement. The Court will note that the last several lines of paragraph 16 which, in substance, prevented the debtor from filing a bankruptcy were struck by the trial judge.

7. This Court's attention is directed to page 9, line 20 through page 10, line 11 of the transcript where it will be seen that Mr. Reed, on behalf of Banc of America, expresses an opinion that a corporate judgment debtor can agree in advance of a potential bankruptcy to consent to a "lift the bankruptcy stay" to allow a foreclosure to proceed. The trial court then commented that the entity (referring to the entity related to debtor—*not to the debtor*) does not have title to the subject real estate. That discussion regarding the waiver essentially ends at that point. Mr. Reed's ruminations dead-ended. Debtor's position is that there was never an agreement to waive the stay by the debtor. There was never any discussion on the record regarding the debtor. Maybe Mr. Reed thought so, but the record does not support him. There is nothing in the record indicating that the waiver was part of the settlement. The record supports this position.

8. There were many provisions of the settlement agreement which were disputed. However, as aforesaid, the applicable provision is above quoted.

9. I note that I had the subject real estate appraised in November of 2005 showing the value to be $2.4 million. (Exhibit B, first page of appraisal). I am aware of the fact that the moving party claims that the property had a value in 2004 in the amount of $1,330,000. I further note for the Court that we are actively marketing the property, which we believe has a value of at least $2 million, considering the today's moribund market. The property is 64 acres. Debtor takes the position that there is a sufficient equity cushion to protect Banc of America and other secured creditors. Bank Of America claims that it is owed $1,000,000. There is a second mortgage with a balance of approximately $110,000. There is approximately $50,000 in real estate tax debt. One of the judgment creditors claims to have perfected its judgment in the approximate amount of $165,000[1]. The unsecured debt, excluding the claims of the interest security holders, is approximately $145,000. Although debtor disputes the amount of the first mortgage, the perfection of the judgment and disputes the balance of the unsecured claims, for the purposes of analysis, debtor will assume that all claims will be allowed:

| | |
|---|---|
| Sale price | $2,000,000 |
| Cost of sale | - $120,000 |
| First Mortgage | - $1,000,000 |
| Second Mortgage | - $110,000 |
| Real Estate Tax | - $50,000 |
| Judgment | - $165,000 |
| Unsecured Debt | - $145,000 |
| | $410,000 Equity Cushion |

---

[1] This judgment is based on attorney fees and is on appeal before the Appellate Division.

2

The plan will be a liquidating plan, which debtor expects to file within 90 days. Debtor has retained a realtor and is the process of procuring an order of employment from this Court.

10. I have reviewed the certification filed by Banc of America. Although I have many disagreements with the certification, I believe that my disputes will only burden this record and really have nothing to do with this stay relief motion. To the extent that the certification expresses the Bank's legal conclusions, I defer to Mr. Rossi.

11. In short, there exists not one document wherein debtor consented to a prepetition waiver of the automatic stay. The purported settlement spread on the record nowhere says that debtor agreed to the waiver. It is simply an opinion expressed by Mr. Reed positing that a prepetition waiver by a corporation would be efficacious. The court order compelling waiver is the only document and I do not believe that a judge has the right to waive rights of a litigant.

## CERTIFICATION

I hereby certify that the statements made by me in this document are true to the best of my knowledge, information and belief. I am aware of the fact that if any such statement made by me is willfully false, that I am subject to punishment.

/s/ Michael Quinn
Michael Quinn

Date: 1.26.09