# EXHIBIT C

# NOVEMBER 6, 2007 LETTER OF STEPHEN BARRY, ESQ. TO JUDGE VISALLI




ATTORNEYS AT LAW

2700 PACIFIC AVENUE
WILDWOOD, New JERSEY 08260
609 729 1333
FAX 609 522 4927
www.capelegal.com

STEPHEN W. BARRY*
FRANK L. CORRADO
JOSEPH C. GRASSO**
J. CHRISTOPHER GIBSON

*CERTIFIED CIVIL TRIAL ATTORNEY
*CERTIFIED CRIMINAL TRIAL ATTORNEY

November 6, 2007

BY FAX TO (609) 463-6445 & BY MAIL

The Honorable Joseph C. Visalli, J.S.C.
Superior Court of New Jersey
Four Moore Road - DN 202E
Cape May Court House, NJ  08210

   Re:  Banc of America v. Quinn-Woodbine Leasing, et al
        Docket No. CPM-L-605-01

Dear Judge Visalli:

I am in receipt of Mr. Reed's proposed form of order which was submitted to you on Monday, November 5, 2007, pursuant to the 5 day rule.

My clients have asked me to bring to your attention a number of items as contained in that order and the annexed latest draft of the agreement of the parties by way of objections to the order and its annexed draft.

First, we do not have all of the computations on the amounts due, so I expect to get to you by Friday an additional letter pointing out errors in the banks computation of amounts due.

With respect, however, to the order and attached agreement I have the following objections to bring to your attention.

With regard to paragraph 1 found on page two of the form of agreement, the Quinns stipulate to the amount, but nothing more. With respect to their agreement not to challenge the judgments in court, the phrases "in any manner whatsoever" and "or otherwise" should be omitted.

With respect to paragraph 2 found on page two, the transcript of the settlement before Your Honor clearly requires the bank to send a monthly statement, and the Quinns insist on that being complied with by the bank.

With respect to paragraph 10, found on page four of the agreement, the final phrase "and the Quinn parties waive their right of redemption." should be omitted. That right was not waived at the settlement hearing, nor was it ever waived by later agreement, or

by implication.

In paragraph 13, on page 5, no action should be taken in this without notice to all parties, and the phrase "without any further notice to the Quinn parties," must be omitted.

As to paragraph 13, subparagraph 1, it would be improper to collect simultaneously on two different amounts from two judgments, and the attempt to preserve that right should be omitted.

In paragraph 15, the final sentence should be omitted. That sentence reads "The Quinn parties acknowledge that the bank has made no representation to them regarding the environmental condition of the Woodbine property." First, there have been informal discussions of this issue which certainly could be characterized as representations. Second, the property in question is owned by a Quinn entity, and the question of pollution by the bank is simply not in the case.

In paragraph 16, the second sentence is something that was never subject to any agreement. The filing of a bankruptcy by any Quinn party is not a default under this agreement. This was never discussed or agreed to. It could well be that a Quinn related bankruptcy could happen and it would have no impact on this agreement whatever. The second sentence in paragraph 16 should be omitted.

My final point, subject of course to a later comment to you about the money number to enter judgment, has to do with paragraph A found in the middle of page 9. The Quinns take the point that an Order such as that which Your Honor proposes to enter is effectively "duress" or "coercion" and so this paragraph is not entirely accurate.

Thank you for your consideration of these points. I will be in contact with you shortly with regard to the Quinns' corrections to the banks computations.

Respectfully yours,
BARRY, CORRADO, GRASSI & GIBSON, P.C.

Stephen W. Barry
SWB/amm
cc: Steven J. Reed, Esquire    (By fax to (973)898-1403 & mail)
    Lewis J. Schweller, Esquire (By fax to (609)926-1378 & mail)
    Michael & Marita Quinn  (By email, fax and first class mail)