# EXHIBIT E

# NOVEMBER 8, 2007 LETTER OF MICHAEL AND MARITA QUINN TO JUDGE VISALLI

Michael & Marita Quinn
509 Burr Street
Fairfield, CT 06824
203-256-1483 (TEL)
203-256-1485 (FAX)

November 8, 2007

Joseph C. Visalli, J.S.C.
Superior Court of New Jersey
Cape May County
9 N. Main Street
Cape May Court House, NJ 08210

Re:   *Banc of America. vs. Quinn-Woodbine Realty & Leasing Co, L.L.C., and Michael Quinn*
      Docket No. CPM-L-605-01

Dear Honorable Sir:

We are the defendants in the above-named matter.

We understand that tomorrow, Friday, November 9, 2007, is our last day to make ourselves heard regarding plaintiff's Motion to Enforce Settlement Against Defendants Quinn-Woodbine Realty & Leasing, L.L.C., and Michael and Marita Quinn.

As there was no hearing due to the ongoing medical treatment of Michael Quinn, we respectfully request that the Court accept this letter.

On November 6, 2007, Attorney Stephen W. Barry wrote a letter to Your Honor on our behalf in which he stated a number of our objections to the Settlement Order as currently drafted by Banc of America.

We write this letter to further clarify these objections and to tell you how strongly we feel about them.

First of all, we wish to point out to the Court that we did not file an opposition to the Bank's Motion to Enforce. We agree that negotiations had reached a point where both parties needed the help of the Court.

For this reason, we respectfully request that the Court re-label the settlement order as something like, "Order to Enforce Settlement Agreement Against All Parties" or "Order to Finalize Settlement Agreement" rather than "Against" just us. As is evident from the fact that Your Honor has found a middle ground between the positions of the two parties, it is clear that this Order is not just "Against" us. We feel that an order "Against" us would not be a fair outcome to us.

Pertaining to the bank's calculations: on October 6, 2007, the bank submitted a revised set of ledgers to the Court. These ledgers still contain errors that range from $3,233.67 on Ledger C3 to $3,670.32 on Ledger A1. Although this amount of money is not much to Banc of America, it is a lot of money to us.

Therefore, we request that the Court delay finalization of the Settlement document until the Bank has produced accurate Settlement ledgers.

This problem of inaccurate accounting is a perfect illustration of our objection to Settlement Paragraph #2 on page 2 which states: "The Quinn Parties hereby unconditionally consent to any future application .... to amend the Foreclosure Judgment to include any and all such payment /advances ...The Bank will provide the Quinn Parties with an updated payoff of the amount due ..."

Because of the history of accounting issues, we would feel more comfortable if the Bank were required to give us notice of charges, proof of payments, notice before application for amendment, and an updated ledger (not just pay-off number) upon amendment.

With regard to Settlement Paragraph #1 on page 2, we agreed to "stipulate" as to amounts due. We did not agree to "acknowledge" or "agree" to the "accuracy" and "validity" of the amounts due as claimed by the Bank. We respectfully request the omission of these words.

As stated in Attorney Barry's letter, we have consented to "stipulate to never again challenge those Judgments in Court" - nothing more. We did not give our consent "in any manner whatsoever" and "or otherwise" These words are unnecessary.

With regard to Settlement Paragraph #10 regarding waiver of right of redemption: this is our lawful right and we have repeatedly advised counsel that we would not give it up.

With regard to Settlement Paragraph #13, regarding notice: through this litigation, we have learned of the importance of "Notice" and what can happen when a bank does not give lawful notice of its actions. We strongly request notice of all actions by the Bank.

With regard to Settlement Paragraph #16, the Bank never brought up the topic of "default" until its later settlement drafts. We do not intend to file bankruptcy, but we are obviously in a very weakened financial position due to what has happened to us in the 6 years since Fleet bank lost our loan records, forced our company into Chapter 7, sold our machinery and equipment in a commercially unreasonable manner, denied us our right of redemption on our business property by unlawfully withholding our loan accounting while secretly filing for foreclosure, and then obstructed our right to have the accounting and auction issues heard in Court.

Our personal finances have been so damaged due to the conduct of predecessor bank, Fleet, that we might have no choice but to file bankruptcy. If bankruptcy is deemed to be

a default of the settlement agreement, then Banc of America will reap a windfall of $200,000, because the auction credit is contingent upon our performance under this settlement. We hope the Court agrees that this would not be fair for the bank to profit from the damages caused by the unlawful conduct of its predecessor.

If the Court labels this as an Order to Enforce, we respectfully request the deletion of Paragraph "A" on page 9.

We thank Your Honor for consideration of our position on these issues.

Sincerely,

Michael F. Quinn & Marita O. Quinn

Copy by FAX to:   Attorney S. Barry
                  Attorney S. Reed for Banc of America