**JULES L.ROSSI, ESQ.**
**208 MAIN STREET**
**ASBURY PARK, N.J. 07712**
**TEL 732-774-5520**
**FAX 732.774.5870**
**julrs7@aol.com**_____

February 16, 2009

The Honorable Judith H. Wizmur
United States Bankruptcy Court
P.O. Box 2067
Camden, NJ 08101-2067


Re:    Quinn-Woodbine Realty & Leasing, LLC, Debtor
       Chapter 11 Case No. 08-33787

Dear Judge Wizmur:

The Court has scheduled a feasibility hearing for this Thursday, February 19, 2009. I respectfully submit that the debtor has not had sufficient time to obtain proofs necessary to support feasibility. In particular, the debtor has ordered an appraisal. I personally spoke to the appraiser and he tells me that he requires at least 30 more days to complete the appraisal (and that will be on an expedited basis) because of his schedule. My client hired this appraiser to do the work because he did the 2005 appraisal and my client thought that that fact would quicken receipt of the current appraisal.

It is my client's position that the property has a value in excess of the debt and that the sale of the property will generate sufficient proceeds to satisfy all claims. The property has been listed for $2 million based on the 2005 appraisal for $2,400,000. However, my client is willing to reduce the price to $1,500,000. According to the realtor, that price should be attractive to potential buyers and this should generate action towards the purchase.

Unless the Court is willing to accept hearsay evidence, i.e., what the appraiser told my client, we could have difficulty in proving feasibility. I do recognize the Court's observation that a foreclosure judgment was entered in 2002 and that the property has been listed for sale for several years. There are reasons for the time lag. There is also the

Page Two
February 17, 2009

probability that the property did not sell because of the listing price. Given the fact that my client is willing to slash the price to $1,500,000 that should warm any chilling effect to the $2 million price. I submit that the additional delay in time that we are seeking will not result in any prejudice to Bank of America. At the risk of sounding trite, the Bank has waited this long that the Bank will be not be at risk waiting a little longer--say 30 days longer. I submit that the hearing date will be prejudicial to my client who will be deprived of the opportunity to gather the evidence to establish feasibility.

Ordinarily, I would not object to a short hearing date but, under the circumstances of this case, the short hearing date might sound the death knoll to this case and, therefore, I entreat the court to grant an extension.

I do not know where the foreclosure procedure stands at this point. Given the fact that the Chapter 11 was filed on eve of foreclosure, the Bank probably lost its place in line. I would have no objection to the Bank proceeding to the point of sale so that the Bank does not lose any time. Perhaps that will temporarily satisfy Mr. Reed. Essentially, I'm willing to consent to vacating the automatic stay to the point of the actual sale if a feasibility hearing is not yet had. Presumably, we should have the appraisal prior to the fixing of the sale date and the feasibility hearing will be dispositive of the motion, one way or the other.

I contend that there are sufficient and compelling reasons to give the debtor the opportunity to complete the appraisal. I also point out that the additional time could prove to be in the best interest of all other creditors. It seems to me, and I have argued this in my brief, that a foreclosure sale will doom the collection chances of other creditors.

I note that I have not requested from Mr. Reed his consent to an adjournment. I assume that he will not incense the adjournment and, therefore, I make this request without his consent.

Respectfully submitted,

/s/ Jules L. Rossi

_____

Jules L. Rossi

Page Three
February 17, 2009

Via Regular Mail and Email: chambers_of_jhw@njb.uscourts.gov

cc: Steven J. Reed, Esq. Via Fax 973-898-1403 / Regular Mail